IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| SAN NGOC HOANG<br>*dba* MASTER DALE and<br>NGA TRAN HOANG | § § § § § | CASE NO. 05-10151-13-BP<br>(CHAPTER 13) |
| Debtors | § § | |
| CHRISTOPHER PHAM | § § | |
| Movant | § § | |
| VS. | § § | |
| SAN NGOC HOANG<br>*dba* MASTER DALE,<br>NGA TRAN HOANG and<br>TIMOTHY O'NEAL, Trustee | § § § § § | |
| Respondents | § | |

**RESPONSE OF DENNIS M. MCELWEE TO MOTION FOR SANCTIONS
FOR VIOLATION OF THE AUTOMATIC STAY**

COMES NOW DENNIS M. MCELWEE ("McElwee"), and hereby responds to the Motion for Sanctions for Violation of the Automatic Stay ("Motion") filed by San Ngoc Hoang, Debtor ("Hoang" or "Movant"), as follows:

### I. BACKGROUND

1. On or about February 3, 2005 ("Petition Date"), SAN NGOC HOANG *dba* MASTER DALE and NGA TRAN HOANG (collectively "Hoang" or "Debtors") filed a voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code. Subsequently, Timothy O'Neal was appointed as Chapter 13 trustee in this case.

2. Prior to the Petition Date, Christopher Pham ("Pham") was employed by Hoang to work on Hoang's shrimp boat, the F/V Master Dale ("Master Dale"). On or about November 27, 2004, during the course of his employment, Pham was injured, resulting in a broken arm requiring instrumentation and general damages to his body. Subsequently, Pham sought and received medical treatment for his injuries, including physical therapy. Currently, Pham is still recuperating from his injuries and incurring ongoing medical expenses. Pham has not reached maximum cure as defined under maritime law.

3. Pham engaged McElwee as his attorney in connection with the injury referenced herein.

4. Since the injuries were maintained in the course and scope of Pham's employment as a seaman, Hoang is liable for payment of Pham's medical costs, as well as maintenance and cure payments (collectively "Maintenance and Cure") pursuant the Jones Act[1] and general maritime law. Maintenance and Cure continues to accrue as a daily post petition expense.

5. Currently, Pham has incurred medical expenses in the sum of $28,074.42. In addition, accrued maintenance and cure obligations owed to Pham exceed $3,577.19, including $2,396.37 through February 3, 2005 and $1,180.82 owed from February 4, 2005 through March 9, 2005. Maintenance and cure payments accrue at a daily rate of $34.73.

6. On or about February 8, 2005, Pham recorded a valid, perfected maritime lien against the F/V Master Dale

7. On or about February 14, 2005, counsel for Pham received notice of the Debtor's bankruptcy filing.

---

[1] 46 USCS Appx § 688 et seq.

## II. AFFIRMATIVE DEFENSES

### A. Perfection of Maritime Lien is Not Stayed by 11 USC §362

8. On or about February 8, 2005, McElwee, recorded a valid, perfected maritime lien against the F/V Master Dale on behalf of Pham. Such actions are not stayed by the provisions of 11 U.S.C. §362(a)(4).

9. The phrase "any liens" in 11 USCS § 362(a)(4) does not refer to a maritime lien; Congress's omission of any reference to maritime law in § 362(a)(4) is evidence of its intention to limit reach of that statute to land-based transactions. Thus, automatic stay provisions of §362 do not apply to maritime liens. *United States v ZP Chandon*, 889 F2d 233 (9th Cir. 1989).

10. Maritime liens are "sacred liens" entitled to protection "as long as a plank of the ship remains the sailor is entitled, against all other persons, to the proceeds as a security for his [maintenance and cure]." *The John Stevens*, 170 U.S. 113, 119, 42 L. Ed. 969, 18 S. Ct. 544 (1898).

11. Payments due seamen are given utmost protection by admiralty courts. They are entitled to a preferred maritime lien of the highest rank. *First National Bank of Jefferson Parish v. M/V Lightning Power et al*, 776 F.2d 1258 (5th Cir. 1985).

### B. McElwee Was Not Aware Of Bankruptcy When Lien Was Recorded

12. In the alternative and without waiving the foregoing, on or about February 8, 2005, McElwee recorded a valid, perfected maritime lien against the F/V Master Dale on behalf of Pham.

13. McElwee did not have actual notice of the bankruptcy filing until February 14, 2005 when he received notice from the Court.

14. As such, this action was not a "wanton or willful violation of §362(a).

## III. SPECIFIC REPSONSES

15. McElwee admits the allegations contained in Paragraph one (1) of the Motion.

16. McElwee lacks sufficient information to admit or deny the allegations contained in Paragraph two (2) of the Motion.

17. McElwee admits that on February 8, 2005, he filed a request for lien on the F/V Master Dale on behalf of Christopher Pham. McElwee lack sufficient information to admit or deny the remaining allegations contained in Paragraph three (3) of the Motion.

18. McElwee admits that on February 11, 2005, a letter was sent to Gordon Frietz requesting payment of required maintenance and cure. However, McElwee was not aware of the Debtor's bankruptcy filing. Further, McElwee lacks sufficient information to admit or deny the remaining allegations contained in Paragraph four (4) of the Motion.

19. McElwee admits the allegations contained in Paragraph five (5) of the Motion.

20. McElwee lacks sufficient information to admit or deny the allegations contained in Paragraph six (6) of the Motion.

21. McElwee lacks sufficient information to admit or deny the allegations contained in Paragraph seven (7) of the Motion.

22. McElwee admits the allegations contained in Paragraph eight (8) of the Motion.

23. McElwee lacks sufficient information to admit or deny the allegations contained in Paragraph nine (9) of the Motion.

24. McElwee admits that he sent a letter requesting payment of maintenance and cure and further admits the quoted language contained in Paragraph ten (10) of the Motion. Additionally, McElwee would show that, as stated in Motion for Relief filed on behalf of Christopher Pham, maintenance and cure is a continuing obligation, not a pre-petition debt, and

must continue to be paid during the pendency of this bankruptcy proceeding. See *United States v ZP Chandon*, 889 F2d 233 (9th Cir. 1989); *In re Searay Marine Services, Inc.*, 105 B.R. 12, 13 (Bankr. E.D. La. 1989).

25. McElwee admits the allegations contained in Paragraph eleven (11) of the Motion.

26. McElwee admits the allegations contained in Paragraph twelve (12) of the Motion.

27. McElwee denies the allegations contained in Paragraph thirteen (13) of the Motion.

28. McElwee denies the allegations contained in Paragraph fourteen (14) of the Motion.

29. McElwee denies the allegations contained in Paragraph fifteen (15) of the Motion.

30. McElwee lacks sufficient information to admit or deny the allegations contained in Paragraph sixteen (16) of the Motion.

WHEREFORE, based on the foregoing, McElwee respectfully requests that the Debtor's Motion for Sanctions for Violation of the Automatic Stay be denied and that he be granted such other and further relief as is just and proper.

DATED: March 22, 2005

                                      Respectfully submitted,

                                 WEYCER, KAPLAN, PULASKI & ZUBER, P.C.

                        By:: _____

                                     MELISSA A. HASELDEN
                                     State Bar. No. 00794778
                                     Eleven Greenway Plaza, Suite 1400
                                     Houston, Texas 77046
                                     Telephone: (713) 961-9045
                                     Facsimile: (713) 961-5341

                                   ATTORNEYS FOR DENNIS MCELWEE

## CERTIFICATE OF SERVICE

On March 22, 2005, I hereby certify that a true and correct copy of the foregoing document has been served via electronic mail and/or by first class regular mail, postage prepaid, as follows:

San Ngoc Hoang
Nga Tran Hoang
3801 Blackberry
Port Arthur, TX 77642

Robert E. Barron
P.O. Box 1347
Nederland, TX 77627

Timothy O'Neal (Acting Ch. 13 Trustee)
PO Box 7097
Tyler, TX 75711

_____
MELISSA A. HASELDEN