IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 05-10151-13-BP |
| | § | (Chapter 13) |
| SAN NGOC HOANG | § | |
| Dba MASTER DALE and | § | |
| NGA TRAN HOANG | § | |
| Debtors | § | |

## PHAM'S RESPONSE TO DEBTORS' MOTION TO ESTABLISH LIEN PRIORITY

Comes Now Christopher Pham, a creditor and party in interest, who responds to the motion to value collateral filed by the Debtors, stating as follows:

1. The Debtors have filed a motion to determine who has the first lien on the Debtors' vessel – the m/v Master Dale, and served both Mr. Pham's counsel and Texas State Bank, the contractual lienholder. Mr. Pham was injured while a seaman on the vessel has a seaman's lien for maintenance and cure, which primes the Bank's contractual lien of as a matter of law.

### Maritime Lien for Maintenance & Cure Primes All Existing Liens, Including Bank Liens

2. Maritime Maintenance and Cure claims hive priority over contract liens, including purchase money liens. As the Ninth Circuit noted, maritime liens are in reverse order from contractual liens -- the last in time is usually the highest priority:

> We also pointed out the distinction between liens arising under maritime law and those resulting from ordinary business transactions:
>
>> In the leading treatise on maritime law, it is pointed out that maritime liens have extraordinarily little in common with land liens, including consensual security interests. G. Gilmore & C. Black, The Law of Admiralty 586-89 (2d ed. 1975). Land liens and maritime liens are "two unlike things . . . called by the same name." Id. at 589. In particular, it is well-established that maritime liens are secret and unrecorded, that is, they are valid without possession or filing, while Article 9 security interests do require filing or possession. Id. at 586-89. **Furthermore, maritime liens generally have priority in reverse chronological order, while Article 9 security interests generally have priority in normal chronological order.** Id. Thus, it is most unlikely that the drafters of the U.C.C. intended to create

> a single statute that would apply in an identical manner to both personal property financing on land and to maritime liens. It is even more unlikely that the drafters would have neglected to mention an intention to entirely rewrite the long-standing filing and priority rules of maritime law.

*United States v. ZP Chandon*, 889 F.2d 233, 237 (9th Cir., 1989) (quoting from *In re Pacific Caribbean Shipping (USA), Inc.*, 789 F.2d 1406 (9th Cir. 1986) (emphasis added)).

3. The Fifth Circuit has agreed, "Wages due seamen are given utmost protection by admiralty courts. They are entitled to a preferred maritime lien of the highest rank." *First Nat'l Bank v. M/V Lightning Power*, 776 F.2d 1258, 1262 (5th Cir. 1985). In *Lighting Power*, the Seaman reversed a non-collusive judicial foreclosure because his first lien rights had not been adjudicated.

4. It has long been held that a seaman's claim for maintenance and cure is created by operation of law. It is regarded as "wages in another form".[1] Justice Story was of one opinion that a claim for maintenance and cure is in the nature of additional wages during the period of sickness and was comparable to suits for penalty wages for failure to provide food and provisions.[2]

5. Pham's claim is the highest priority claim against the vessel. Crews wages are the highest priority among maritime liens.[3] His lien is special – not even like all other maritime liens, because, while many maritime liens act like land liens, the Maintenance and Cure lien can be "secret", priming, and will bind subsequent bona fide purchasers.[4]

## Conclusion

6. The Debtor must pay Mr. Pham his maintenance and cure payments. His maintenance and cure payments are entitled to a first lien on the vessel. At this point, the amount of the lien is

---

[1] *Harden v. Gordon, et al*, 11 F.Cas. 480 (Cir. Ct. D. Me. 1823) (Story, J.).
[2] *Harden, supra.*
[3] *Bender Welding and Machine Company v. M/V Sovereign Opal*, 415 F.Supp. 772 (S.D. Ala. 1976).
[4] "It is well-established that maritime liens are secret and unrecorded, that is, they are valid without possession or

unknown and subject to determination by an Article III court. Nevertheless, it appears that Mr. Pham's lien exceeds the value of the boat based on the facts shown at the trial of the Motion for Relief. Thus, the Debtor's Motion to establish lien priority should determine that Mr. Pham's lien is the highest priority.

DATED: August 10, 2005

                                 Respectfully submitted,

                                 WEYCER, KAPLAN, PULASKI & ZUBER, P.C.

                                 By:: _____
                                     HUGH M. RAY, III
                                     State Bar. No. 24004246
                                     Eleven Greenway Plaza, Suite 1400
                                     Houston, Texas 77046
                                     Telephone: (713) 961-9045
                                     Facsimile: (713) 961-5341

                                     ATTORNEYS FOR DENNIS MCELWEE
                                     AND CHRISTOPHER PHAM

---

filing...." *United States v ZP Chandon*, 889 F2d 233 (9th Cir. 1989).

## CERTIFICATE OF SERVICE

On August 10, 2005, I hereby certify that a true and correct copy of the foregoing document has been served via electronic mail and/or by first class regular mail, postage prepaid, as follows:

Robert E. Barron
P.O. Box 1347
Nederland, TX 77627

Texas State Bank
3900 N. 10th St.
McAllen, Texas 78501

_____
Hugh M. Ray, III