IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| SAN NGOC HOANG and | § | Case No. 05-10151 |
| NGA TRAN HOANG | § | |
| | § | |
| Debtors | § | Chapter 13 |

### ORDER GRANTING IN PART AND DENYING IN PART
### MOTION FOR RELIEF FROM AUTOMATIC STAY TO ENFORCE LIEN
### AGAINST F/V MASTER DALE OR FOR ADEQUATE PROTECTION
### FILED BY CHRISTOPHER PHAM

This Court has heard and considered the Motion for Relief from Automatic Stay to Enforce Lien Against F/V Master Dale or, Alternatively, for Adequate Protection (the "Motion") filed by Christopher Pham ("Movant") in the above-referenced case. The Motion was opposed by the Debtors, San Ngoc Hoang and Nga Tran Hoang ("Debtors"). The Court finds that appropriate notice of the Motion and the hearing was given according to the Federal and Local Rules of Bankruptcy Procedure. The Movant asserts that he was injured in the course and scope of his employment as a seaman aboard the Debtors' shrimp boat, the F/V Master Dale. He alleges that the Debtors are liable for medical expenses as well as for maintenance and cure payments pursuant to the Jones Act and under general maritime law and that such claims are secured by, and enforceable against, the Debtors' vessel as an *in rem* claim.

Though the Movant initially asserted (and may still believe) that the automatic stay is

inapplicable to his claims and is ineffective to bar the enforcement of his asserted lien against the Debtors' vessel, he intelligently brought the present motion, seeking relief from the automatic stay, initially to allow him "to proceed directly against the F/V Master Dale to enforce his lien for maintenance and cure." He subsequently brought alternative requests for relief to allow an enforcement of his rights in an Article III court.

It is clear that, notwithstanding the fact that the Movant's claims are rooted in admiralty law, this Court has exclusive jurisdiction over the Debtor's vessel, 28 U.S.C. §1334(d), and, notwithstanding the Movant's attempt to distinguish a lien arising from a maintenance and cure claim from other types of maritime liens, the automatic stay applies to preclude any activity to enforce a lien against that vessel. *In re Louisiana Ship Mgmt., Inc.*, 761 F.2d 1025 (5th Cir. 1985) ["Filing of the petition under Chapter 11 automatically stayed the proposed sale to enforce the maritime lien. In addition, it vested exclusive jurisdiction over the vessel in the court where the Title 11 proceeding was pending, depriving the admiralty court of jurisdiction over it."]. Thus, the stay would have applied to preclude further action by the Movant against the vessel, even if a previous action to enforce his rights had been initiated in an admiralty court. *Slay Warehousing Co., Inc. v. Modern Boats, Inc. (In re Modern Boats, Inc.)*, 775 F.2d 619 (5th Cir. 1985) ["[T]he petition for reorganization withdrew jurisdiction from the admiralty court and lodged it exclusively in ...

the court where the Title 11 proceeding was pending."]. Thus, the power to control the degree to which the Movant is permitted to enforce his rights against the vessel lies exclusively with this Court.

Yet the reorganization process relies upon a prompt adjudication of claims and such a process is not limited to the confines of this Court. The Movant requests, over the Debtors' objection, to allow the "enforcement" of his rights in an Article III court. Clearly the Movant's claim needs to be liquidated and the existence (and hopefully the priority) of any lien to secure payment of that claim, if any, needs to be established. Because the Movant's maintenance and cure claims are essentially claims for personal injury, *Lawson v. United States Lines, Inc. (In re United States Lines, Inc.)*, 1992 WL 249874 (S.D.N.Y. Sept. 23, 1992), this Court is jurisdictionally precluded from determining the validity of those claims. 28 U.S.C. §157(b)(5) states that:

> The district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending.

Since the United States District Court for the Eastern District of Texas would seem to be the appropriate forum under both a bankruptcy and an admiralty analysis, the Court finds that the automatic stay should be modified [to the extent that is necessary since this Court

functions as a unit of that Court] to allow the Movant to liquidate his asserted claims against the Debtors before the United States District Court for the Eastern District of Texas and to seek a determination in that forum as to whether such claims, if established, are secured by the Debtors' vessel vis-a-vis other parties asserting lien positions against that vessel. To the extent that the Movant seeks stay relief at this time from this Court to permit the foreclosure of any lien subsequently recognized in his favor in any judgment of the district court, that request is denied.

Thus, based upon the Court's consideration of the pleadings, the evidence admitted at the hearing, and the argument of counsel, the Court finds that just cause exists for the entry of the following order.

**IT IS THEREFORE ORDERED** that the Motion for Relief from Automatic Stay to Enforce Lien Against F/V Master Dale or, Alternatively, for Adequate Protection filed by Christopher Pham in the above-referenced case is **GRANTED IN PART AND DENIED IN PART**, such that the automatic stay provided under 11 U.S.C. §362(a) is hereby **MODIFIED** so as to allow the Movant to proceed to file an appropriate complaint before the United States District Court for the Eastern District of Texas, Beaumont Division, and to proceed to a trial on the merits and the entry of judgment, including any appeal therefrom, on his claims against the Debtors arising from the injuries allegedly sustained by the Movant

aboard the Debtors' vessel on or about November 27, 2004 (the "Admiralty Litigation"), and to grant to all parties in such Admiralty Litigation all such remedies as may be necessary and appropriate; provided, however, in the event that any lien against Debtors' vessel in favor of the Movant is recognized or any judgment is rendered against the Debtors in such Admiralty Litigation, no foreclosure or other action pertaining to post-judgment execution upon any such judgment shall be taken as to any property or property right of the Debtors, or of the Bankruptcy Estate of San Ngoc Hoang and Nga Tran Hoang, except upon the further order of this Court.

Signed on 9/14/2005

_____
THE HONORABLE BILL PARKER
CHIEF UNITED STATES BANKRUPTCY JUDGE